PROB 12C
(6/16)

Report Date: December 14, 2020

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2020

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Walter Lee Wyatt | Case Number: 0980 2:19CR00180-TOR-1 |

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Court Judge

Date of Original Sentence: May 21, 2020

| | | |
|---|---|---|
| Original Offense: | Possession of Counterfeit Currency, 18 U.S.C. § 472 | |
| Original Sentence: | Prison - 366 Days; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: November 2, 2020 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: November 1, 2023 |

## PETITIONING THE COURT

   To issue a **WARRANT**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. Walter Wyatt is alleged to have violated standard condition number 13 by failing to respond to a message left for the client by the undersigned officer at his residence on December 8, 2020; by failing to respond to a voice mail left for the client by the undersigned officer on December 10, 2020; and by failing to respond to both a voice mail and a text message left for and sent to the client, respectively, by the undersigned officer on December 11, 2020.<br><br>On November 3, 2020, the undersigned officer reviewed Mr. Wyatt's Court ordered conditions of supervised release relative to 2:19CR00180-TOR-1, with the client telephonically given the current COVID-19 pandemic. Mr. Wyatt indicated he understood all conditions as ordered by the Court and the client's conditions were signed electronically by the undersigned officer on his behalf and with his approval. In addition, on November 4, 2020, Mr. Wyatt's conditions were sent electronically to his then Residential Reentry Center (RRC) case manager for his signature. These conditions were returned electronically on the day in question with the client's signature affixed and with the client's case manager indicating she had reviewed the forms with him. Specifically, Mr. Wyatt was made aware by his U.S. probation officer that he was required to follow all instructions provided to him by |

Prob12C
Re: Wyatt, Walter Lee
December 14, 2020
Page 2

the undersigned officer related to his conditions of supervised release.

On December 8, 2020, the undersigned officer was able to make contact with the client telephonically at his current residence to discuss his continued adjustment to supervised release. A second telephonic attempt to contact the client at his residence later on the day in question revealed that the client had since departed the residence. The answering party indicated that he would leave a message for the client requesting the client contact the undersigned officer. Mr. Wyatt has since failed to respond to the message.

On December 10, 2020, a voice mail was left for the client on his cell phone again requesting a return call from the client. It should be noted, the client's phone was previously shut off but when in such a status, the phone provided an immediate automated message stating the client's phone had "calling restrictions." During the attempted call on December 10, 2020, the call rang numerous times and then went to voice mail. Mr. Wyatt has since failed to respond to the voice mail.

On December 11, 2020, both a voice mail and a text message were left for and sent to the client respectively, noting concern and directing the client to contact the undersigned officer prior to 5 p.m. on the day in question. Mr. Wyatt has since failed to respond to any and all messages left for the client at his residence and on his primary cell phone number as outlined herein.

As a direct result of the client's conduct as outlined herein and as documented in the attached letter to the Court, it would appear that the client has absconded from supervised release. As a result, the client's current location and status on supervision are unknown to the undersigned officer.

2      **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Walter Wyatt is alleged to have violated special condition number 5 by failing to report for random urinalysis testing with the contract provider in Spokane, on December 10, 2020, when his assigned color was called on the day in question.

On November 3, 2020, the undersigned officer reviewed Mr. Wyatt's Court ordered conditions of supervised release relative to 2:19CR00180-TOR-1 with the client telephonically given the current COVID-19 pandemic. Mr. Wyatt indicated he understood all conditions as ordered by the Court and the client's conditions were signed electronically by the undersigned officer on his behalf and with his approval. In addition, on November 4, 2020, Mr. Wyatt's conditions were sent electronically to his then Residential Reentry Center (RRC) case manager for his signature. These conditions were returned electronically on the day in question with the client's signature affixed and with the client's case manager indicating she had reviewed the forms with him. Specifically, Mr. Wyatt was made aware by his U.S. probation officer that he was required to submit to urinalysis testing when directed by the undersigned officer.

Further, on November 12, 2020, Mr. Wyatt was directed to begin contacting the contract urinalysis testing provider on a daily basis and listen for his assigned color of gold 3. Mr. Wyatt was provided all relevant information for reporting and submitting to random

Prob12C
Re: Wyatt, Walter Lee
December 14, 2020
Page 3

        urinalysis testing, and he committed to becoming engaged in and complying with the service as directed and advised.

        Specifically, on December 11, 2020, the undersigned officer received notification from Pioneer Human Services, who serves as the contract urinalysis testing provider in Spokane, that the color gold 3 was previously called by the provider on December 10, 2020, at which time the client failed to report for testing as required.

The U.S. Probation Office respectfully recommends the Court **issue a WARRANT** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 14, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Thomas O. Rice*
Thomas O. Rice
United States District Judge

December 15, 2020
Date