PROB 12C
(6/16)

Report Date:  June 7, 2021

# United States District Court

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2021

SEAN F. MCAVOY, CLERK

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Walter Lee Wyatt                 Case Number: 0980 2:19CR00180-TOR-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: May 21, 2020

| | | |
|---|---|---|
| Original Offense: | Possession of Counterfeit Currency, 18 U.S.C. § 472 | |
| Original Sentence: | Prison - 366 Days; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: November 2, 2020 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: November 1, 2023 |

## PETITIONING THE COURT

To **issue a <u>WARRANT</u>** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 12/14/2020 and 03/19/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation Number</u>          <u>Nature of Noncompliance</u>

5          **<u>Special Condition #6</u>**: Defendant shall enter into and complete an in-patient treatment program and aftercare.

**<u>Supporting Evidence</u>**: Mr. Walter Wyatt is alleged to have violated special condition number 6 by aborting inpatient treatment on June 6, 2021, as previously ordered by the Court on May 19, 2021.

As the Court likely recalls, Mr. Wyatt presented before the Court on May 19, 2021, for the purpose of adjudication specific to four alleged violations of the client's ordered term of supervised release. As a part of the hearing, the client admitted, and the Court found to have occurred, violations 1, 2 and 4. Mr. Wyatt, through counsel, opined for access to inpatient treatment services and the Court graciously granted Mr. Wyatt's request, ordering disposition to be held in abeyance while the client entered into inpatient treatment services. Mr. Wyatt was ordered by the Court to be released to Sun Ray Court on May 24, 2021. During the hearing, the Court unequivocally stated the client's need to remain engaged in inpatient treatment services until successful completion, to which the client stated his understanding. Conditions requiring inpatient treatment and access to clean and sober reentry housing were subsequently imposed by the Court.

**Prob12C**
**Re: Wyatt, Walter Lee**
**June 7, 2021**
**Page 2**

On May 24, 2021, Mr. Wyatt released from the Spokane County Jail, based on the Court's order, and was later verified to have arrived at Sun Ray Court in Spokane, as required. On May 27, 2021, the undersigned officer met with the client in person at Sun Ray Court in Spokane, at which time the client's newly imposed conditions, his current term of inpatient placement, and re-entry planning were discussed. Specifically, the client indicated his understanding of the Court's imposed conditions and he was again advised by the undersigned officer that he was to remain at the current facility until he was determined to have successfully completed services, to which the client indicated his understanding. Mr. Wyatt committed to compliance and advised that he was willing to do whatever it took to again be present for his family in the community.

On June 1, 2021, a voice mail was left for the undersigned officer by the client in which he stated the current term of inpatient placement was no longer of benefit, as the provider had "no solutions" and the groups were based off of "falsehoods." A voice mail was subsequently left for the client's primary counselor on June 2, 2021, requesting a return call as to the client's recently left voice mail.

On June 6, 2021, the undersigned officer received a voice mail from Sun Ray Court staff who advised that the client had aborted treatment. The undersigned officer subsequently received a text message from the client's alleged fiancee who confirmed the client had departed treatment and had requested that she pick him up. The party was directed to advise the client of his need to report to the U.S. Probation Office in Spokane, on June 7, 2021, at 12 p.m. The undersigned officer has not received communication from the client himself since his decision to terminate services with the provider.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    June 7, 2021

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

**Prob12C**
**Re: Wyatt, Walter Lee**
**June 7, 2021**
**Page 3**

## THE COURT ORDERS

[  ]    No Action
[X]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    The incorporation of the violation(s) contained in this
         petition with the other violations pending before the
         Court.
[  ]    Defendant to appear before the Judge assigned to the
         case.
[X]    Defendant to appear before the Magistrate Judge.
[  ]    Other

_____
Thomas O. Rice
United States District Judge

June 7, 2021
_____
Date