PROB 12C
(6/16)

Report Date: June 15, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Walter Lee Wyatt | Case Number: 0980 2:19CR00180-TOR-1 |

Address of Offender: Spokane County Jail - 1100 W. Mallon Avenue Spokane, WA 99260

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: May 21, 2020

| | | |
|---|---|---|
| Original Offense: | Possession of Counterfeit Currency, 18 U.S.C. § 472 | |
| Original Sentence: | Prison - 366 Days; TSR - 36 Days | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: November 2, 2020 |
| Defense Attorney: | Colin Prince | Date Supervision Expires: November 1, 2023 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 12/14/2020, 03/19/2021, and 06/07/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |
| | **Supporting Evidence**: Mr. Walter Wyatt is alleged to have violated mandatory condition number 1 on or about June 14, 2021, by having engaged in conduct constituting Custodial Assault, in violation of 9A.36.100, a Class C felony. |
| | On November 3, 2020, the undersigned officer reviewed Mr. Wyatt's Court ordered conditions of supervised release relative to 2:19CR00180-TOR-1 with the client telephonically given the current COVID-19 pandemic. Mr. Wyatt indicated he understood all conditions as ordered by the Court and the client's conditions were signed electronically by the undersigned officer on his behalf and with his approval. In addition, on November 4, 2020, Mr. Wyatt's conditions were sent electronically to his then residential reentry center (RRC) case manager for his signature. These conditions were returned electronically on the day in question with the client's signature affixed and with the client's case manager indicating she had reviewed the forms with him. Specifically, Mr. Wyatt was made aware by his U.S. probation officer that he was required to not commit another federal, state or local crime. |

Prob12C
Re: Wyatt, Walter Lee
June 15, 2021
Page 2

On June 14, 2021, the U.S. Probation Office in Spokane received numerous automated law enforcement notifications with respect to the client, originating from the Spokane County Sheriff's Office. Upon seeking clarification of the inquiries, the U.S. Probation Office learned that the client was alleged to have committed the offense of custodial assault while housed at the Spokane County Jail.

According to the police report, on June 14, 2021, a Spokane County deputy sheriff responded to the Spokane County Jail for a report of an alleged assault against a correctional officer. Upon arrival, the deputy reviewed security footage of the incident in which the deputy observed the client walking up a set of stairs carrying a blanket, at which time he was verbally confronted by two correctional officers. One of the officers then reached out and grabbed the client with his left hand at which time the client "immediately" used his right hand to strike the officer on the left side of his face. The client was then taken to the ground by officers and subsequently restrained.

The deputy then interviewed the officer, and alleged victim of the assault, who indicated that he had been charged with moving residents from the booking level to the classification level (second level). The client was one of the residents whom he had been instructed to move. While walking to his newly assigned cell, the client stopped on the staircase to speak with a female resident, at which time he was directed by officers to keep moving. Mr. Wyatt then stated to the officer, "fuck you, shut up." The client was then approached and grabbed by the officer at which time the client used his right hand to strike the left side of his face. The deputy observed redness and swelling on the left side of the officer's face.

The deputy was then escorted to speak with Mr. Wyatt, who was read his Miranda rights by the deputy. Mr. Wyatt agreed to answer the deputy's questions regarding the incident and advised that he was walking to his newly assigned cell when he started to get yelled at by officers. Mr. Wyatt noted that he did not understand why he was being yelled at, but that he was subsequently confronted by an officer who grabbed him at which time he "over reacted" and "made a mistake" which he later clarified as assaulting the officer.

The deputy concluded the report by noting that based on circumstances and physical evidence, he believed probable cause existed for the client's arrest for third degree assault, for striking an officer while on duty who was performing his duties.

7      **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Walter Wyatt is alleged to have violated standard condition number 13 by failing to report to the U.S. probation officer as previously directed on June 7, 2021.

On November 3, 2020, the undersigned officer reviewed Mr. Wyatt's Court ordered conditions of supervised release relative to 2:19CR00180-TOR-1 with the client telephonically given the current COVID-19 pandemic. Mr. Wyatt indicated he understood all conditions as ordered by the Court and the client's conditions were signed electronically by the undersigned officer on his behalf and with his approval. In addition, on November 4, 2020, Mr. Wyatt's conditions were sent electronically to his then Residential Reentry Center (RRC) case manager for his signature. These conditions were returned electronically on the day in question with the client's signature affixed and with the client's case manager

Prob12C
Re: Wyatt, Walter Lee
June 15, 2021
Page 3

indicating she had reviewed the forms with him. Specifically, Mr. Wyatt was made aware by his U.S. probation officer that he was required to follow all instructions of the probation officer related to his conditions of supervised release.

As the Court likely recalls, Mr. Wyatt is alleged to have previously terminated Court ordered inpatient chemical dependency treatment placement on June 6, 2021. This conduct was previously reported to the Court in the petition dated June 7, 2021.

On June 6, 2021, the undersigned officer communicated with the client's fiancee using text messaging, at which time the contact was advised to direct Mr. Wyatt to report to the U.S. Probation Office on June 7, 2021, prior to 12 p.m. The contact initiated the conversation with the undersigned officer by advising that the client had requested that she pick him up from inpatient treatment. On June 7, 2021, Mr. Wyatt contacted the undersigned officer telephonically and advised he had departed treatment because his fiancee was allegedly the victim of a forced rape attempt. It should be noted that neither the client's former inpatient treatment counselor or the client's fiancee had previously disclosed or stated such information. Mr. Wyatt advised the alleged perpetrator, who he stated was temporarily staying with his fiancee to help care for their house while he was in inpatient treatment, had since left their residence with money from his financial accounts, as well as his credit and debit cards.

Mr. Wyatt was directed by the undersigned officer to report to the U.S. Probation Office on the day in question prior to 12 p.m. Mr. Wyatt confirmed that his fiancee had also provided him with the same directive, as previously requested by the undersigned officer. Mr. Wyatt committed to reporting as directed and advised that he was "on his way." Mr. Wyatt subsequently failed to report to the U.S. Probation Office as directed, and was instead taken into custody by Spokane police on June 13, 2021, after they made contact with the client while responding to a "person bothering" call.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    June 15, 2021

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

Prob12C
**Re: Wyatt, Walter Lee**
**June 15, 2021**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]  Defendant to appear before the Judge assigned to the case.
[ ]  Defendant to appear before the Magistrate Judge.
[X]  Other: All pending violations will be addressed at the Revocation of Supervised Release hearing scheduled for 6/23/2021.

_____
Thomas O. Rice
United States District Judge
June 16, 2021
_____
Date